UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

LUIS JARA,

                        Plaintiff,

      -v-

P.N. FINANCIAL, INC., et al.,

                       Defendants.
------------------------------------------------------------X

10 Civ. 6274 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Before the Court is the September 27, 2012, Report and Recommendation of Magistrate Judge Henry B. Pitman that the Court deny plaintiff's application for a default judgment (the "Report"). For the reasons that follow, the Court adopts the Report in full.

I. **Background**

    On August 20, 2010, plaintiff Luis Jara filed a Complaint against defendants P.N. Financial, Inc., Robert Weinberg, and Keith Wolf, alleging violations of the Fair Debt Collection Act, 15 U.S.C. §§ 1692 *et seq.*, and parallel state laws. Dkt. 1. After several extensions of Jara's time to serve the Complaint, P.N. Financial was served on April 13, 2011. Dkt. 6.[1] P.N. Financial never filed an answer or notice of appearance. On October 18, 2011, Jara moved for a default judgment. Dkt. 10. On September 27, 2012, Judge Pitman issued the Report, recommending that Jara's request for a default judgment be denied without prejudice, because Jara has failed to submit proof that his request for a default judgment was served on P.N.

---

[1] On October 17, 2011, Jara voluntarily dismissed the case against defendants Weinberg and Wolf. Dkt. 8.

[1]

Financial, as required by Local Civil Rule 55.2(c). Dkt. 12. The deadline for Jara to file objections to the Report was October 11, 2012. He has filed no objections.

## II.   Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Jara has proffered no objections to the Report, so a review for clear error is appropriate. Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "failure to object within fourteen (14) days . . . *will* preclude appellate review[,]" Report at 3, Jara's failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report (Dkt. 12) in full. Plaintiff's request for a default judgment is denied, without prejudice.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 26, 2012
      New York, New York