UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

LUIS JARA,

                                        Plaintiff,

               -v-

P.N. FINANCIAL, INC., et al.,

                                   Defendants.

-------------------------------------------------------------------X

10 Civ. 6274 (PAE) (HBP)

OPINION & ORDER

**PAUL A. ENGELMAYER, District Judge:**

      Before the Court is the July 10, 2013, Report and Recommendation of Magistrate Judge Henry B. Pitman that the Court grant plaintiff's application for a default judgment (the "Report"). For the reasons that follow, the Court adopts the Report in full.

## I.    Background

      On August 20, 2010, plaintiff Luis Jara filed a Complaint against defendants P.N. Financial, Inc., Robert Weinberg, and Keith Wolf, alleging violations of the Fair Debt Collection Act, 15 U.S.C. §§ 1692 *et seq.*, and parallel state laws. Dkt. 1. On April 13, 2011, after several extensions of Jara's time to serve the Complaint, P.N. Financial was served. Dkt. 6.[1] P.N. Financial never filed an answer or notice of appearance. Jara initially moved, unsuccessfully, for a default judgment. Dkt. 13.

      On March 4, 2013, Jara obtained a clerk's certificate of default, Dkt. 15, and on March 8, 2013, Judge Pitman issued an order to show cause why default judgment should not be granted, Dkt. 17. On July 10, 2013, Judge Pitman issued the Report, recommending that Jara's request

---

[1] On October 17, 2011, Jara voluntarily dismissed the case against defendants Weinberg and Wolf. Dkt. 8.

for a default judgment be granted and that an inquest be scheduled to establish damages.  Dkt. 20.  The deadline for defendant to file objections was fourteen days from the date of defendant's receipt of the Report.  Defendant has filed no objections.

## II.   Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  *Carlson v. Dep't of Justice*, No. 10 Civ. 5149 (PAE) (KNF), 2012 WL 928124, at *1 (S.D.N.Y. Mar. 19, 2012) (citation omitted); *see also Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Defendant has proffered no objections to the Report, so a review for clear error is appropriate.  Careful review of the Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety.  Because the Report explicitly states that "failure to object within fourteen (14) days . . . *will* preclude appellate review," Report at 3, defendant's failure to object operates as a waiver of appellate review.  *See Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report (Dkt. 20) in full.  Plaintiff's request for a default judgment is granted.  The case is referred to Judge Pitman to conduct an inquest as to damages.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 15, 2013
       New York, New York