UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

LUIS JARA,

         Plaintiff,

   -v-

P.N. FINANCIAL, INC.,

         Defendant.

------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/10/14

10 Civ. 6274 (PAE) (HBP)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Before the Court is the September 4, 2014 Report and Recommendation of Magistrate Judge Henry B. Pitman that the Court grant plaintiff Luis Jara $1,000 in damages, $9,032 in attorneys' fees, and $520 in costs. Dkt. 33 (the "Report"). For the following reasons, the Court adopts the Report in full.

I. **Background**

On August 20, 2010, Jara filed a Complaint against P.N. Financial, Inc.,[1] alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.* and parallel state law. Dkt. 1. On April 13, 2011, P.N. Financial accepted service. Dkt. 6. P.N. Financial has never filed an answer or otherwise appeared in this case.

On March 4, 2013, Jara obtained a clerk's certificate of default as to P.N. Financial, Dkt. 15, and on March 8, 2013, Judge Pitman issued an order to show cause why default judgment should not be granted, Dkt. 17. On July 10, 2013, Judge Pitman issued a Report and

---

[1] The Complaint also named Robert Weinberg and Keith Wolf as defendants. Dkt 1. On October 17, 2011, however, Jara voluntarily dismissed his claims against Weinberg and Wolf. Dkt. 8.

Recommendation that Jara's request for a default judgment be granted. Dkt. 20. On August 15, 2013, the Court adopted that Report in full and referred the case to Judge Pitman for an inquest into damages. Dkt. 21.

On September 4, 2014, Judge Pitman issued the Report currently under review. The Report explained that, under the FDCPA, prevailing plaintiffs are entitled to damages, attorneys' fees, and costs. Report at 10, 13–14. An award of $1,000 in damages, the maximum permitted by the statute, is appropriate where, as here, defendant's conduct was egregious and repeated. *Id.* at 10–13. The Report also concluded that the requested fee award reflected reasonable hourly rates but an excessive number of hours, *id.* at 13–24; that the costs requested were reasonable, *id.* at 24–25; and that Jara's request for interest lacks supporting legal authority, *id.* at 25. Judge Pitman therefore recommended granting $9,032 rather than the requested $11,615 in attorneys' fees, granting the requested sum of $520 in costs, and denying the request for interest. *Id.* at 26.

The deadline for parties to file objections to the Report was September 22, 2014. Dkt. 33. To date, no objections have been filed.

## II. Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, N.A.*, No. 10 Civ. 5950 (KPF) (RLE), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC) (AJP), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009), *aff'd* 453 Fed. App'x 88 (2d Cir. 2011)); *see also, e.g.*,

2

*Mims v. Walsh*, No. 04 Civ. 6133 (BSJ) (FM), 2012 WL 6699070, at *2 (S.D.N.Y. Dec. 23, 2012) (quoting *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006)).

Because neither Jara nor P.N. Financial has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Pitman's thorough and well-reasoned Report reveals no facial error in its conclusions; the Report is therefore adopted in its entirety. Because the Report explicitly states that "[f]ailure to object within fourteen (14) days will result in a waiver of objections and will preclude appellate review," Report at 26 (emphases omitted), both parties' failure to object operates as a waiver of appellate review. *See Monroe v. Hyundai of Manhattan & Westchester*, 372 F. App'x 147, 147–48 (2d Cir. 2010) (summary order) (quoting *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)).

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Plaintiff is hereby awarded $1,000 in statutory damages, $9,032 in attorneys' fees, and $520 in costs.

The Clerk of Court is respectfully directed to terminate all pending motions, and to close this case.

SO ORDERED.

*[signature]*
Paul A. Engelmayer
United States District Judge

Dated: October 9, 2014
New York, New York